**KARCHER FIRESTOPPING, INC.,**
Plaintiff–Appellant,

v.

**LOCAL NO. 5 INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS AND ASBESTOS WORKERS, Defendant–Appellee.**

**Local No. 5 International Association of Heat and Frost Insulators and Asbestos Workers, Plaintiff–Appellee,**

v.

**Karcher Firestopping, Inc., Defendant–Appellant.**

Nos. 06–56728, 07–55202.

United States Court of Appeals, Ninth Circuit.

Submitted June 2, 2008.*

Filed June 5, 2008.

Timothy T. Coates, Greines Martin Stein & Richland, LLP, Los Angeles, CA, Paul A. Lax, Lax & Stevens, Los Angeles, Ca, For Plaintiff–Appellant.

Ray Van Der Nat, for Defendant–Appellee.

Before: O'SCANNLAIN, TALLMAN, Circuit Judges, and SINGLETON,** District Judge.

MEMORANDUM ***

The core question that we confront is which of two arbitration forums had juris-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** Honorable James K. Singleton, Jr., Senior District Judge, District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provid-

diction to hear the parties' dispute. Local No. 5 argues we need not reach this issue because Karcher failed to exhaust contractual remedies and because the collective bargaining agreement ("CBA") commits questions of CBA interpretation and arbitrability to the arbitrator.

We have held that "[w]here a dispute is concededly arbitrable and the only question is which of two grievance procedures governs, the legal issue properly may be resolved by the court." *J.D. Steel Co., Inc., v. Int'l Assoc. of Bridge, Structural and Ornamental Iron Workers,* 709 F.2d 1328, 1330 (9th Cir.1983). Because in this case there is no arbitrator to field the dispute until the identity of that individual has been resolved, *J.D. Steel* controls.

Neither party here disputes the arbitrability of their central dispute. Rather, the question is whether their dispute should have been arbitrated by a third-party arbitrator or the Administrative Committee. We therefore must determine in the first instance which forum has jurisdiction.[1]

We apply state law in interpreting CBAs. *See First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 944, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995). Under California contract law, "[a] contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful." Cal. Civ.Code § 1636. The language of a contract governs interpretation so long as it "is clear and explicit, and does not involve an absurdity." *Id.* § 1638. The words of the contract should normally be given "their ordinary and popular sense." *Id.* § 1644. Contracts should be interpreted

as a whole, and yet every part should be given effect. *Id.* § 1641.

Under the CBA, Karcher plainly had authority to submit the grievance to a third party arbitrator. Indeed, Section 3 of the grievance procedure unambiguously empowers either party to a dispute to submit the grievance to either the Administrative Committee or a third-party arbitrator. We are unwilling to substitute "grievant" for "either the Union or the affected Employer (or the Association as the case may be)." Section 1 of the CBA demonstrates that where the parties wanted to specify the grievant, they did so. Similarly, we decline to construe "as the case may be" as transforming the entire provision to refer specifically to the grievant; the clause modifies only the Association.

Each party had the right to submit the dispute to either a third-party arbitrator or the Administrative Committee. Karcher submitted the dispute to third-party arbitration on September 8, 2006. Because the jurisdiction of a third-party arbitrator had been invoked as of that date, Local No. 5's authority to elect a different forum had terminated and the Administrative Committee therefore lacked jurisdiction to hear the dispute.

Accordingly, the judgment confirming the Committee's award is VACATED and the decision to dismiss Karcher's complaint is REVERSED and REMANDED for further action consistent with this Memorandum. Costs are awarded to Karcher.

---

ed by 9th Cir. R. 36–3.

1. As such, Local No. 5's argument that Karcher should be barred for failure to exhaust contractual remedies fails as it would have been futile for Karcher to raise the forum dispute before an arbitrator. *See Ritza v. Int'l*

*Longshoremen's and Warehousemen's Union,* 837 F.2d 365, 370 (9th Cir.1988) (quoting *Glover v. St. Louis–San Francisco Ry. Co.,* 393 U.S. 324, 329–30, 89 S.Ct. 548, 21 L.Ed.2d 519 (1969)).